Dear Ms. Gonzalez:
You have requested this office to issue an advisory opinion as to whether correspondence between the Louisiana Public Service Commission and the Legislative Auditor (or his or her staff) relative to an audit being conducted on the Commission pursuant to La.R.S. 24:511, et seq. is public record prior to the release of the final audit report.
La.R.S. 44 et seq. is more commonly known as the public records doctrine. In general:
 Information having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or the laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or the Constitution of Louisiana. La.R.S. 44:1 (2) (a).
However, there exist exceptions to the above doctrine. The public records doctrine further states that it does not apply:
To any records, writings, accounts, letters, letter books, photographs, or copies or memoranda thereof in the custody or control of the legislative auditor, or to the actual working papers of the internal auditor of a municipality until the audit is complete, unless otherwise provided. La.R.S. 44:4 (6).
The records at issue are written correspondence between the Louisiana Public Service Commission and the Legislative Auditor's office. These letters address issues regarding the current legislative audit of the Commission which is still in progress. La.R.S. 24:513 specifically states:
 The audit reports issued by the legislative auditor . . . shall be subjected to the laws providing for inspection of public records and shall be available in the office of the legislative auditor three days after the date of issuance of the reports as provided by R.S. 44:6. However, this Subsection shall not apply to any documents, data, or information furnished the legislative auditor which are deemed confidential by law. La.R.S. 24:513 (F).
The public records request in this case has been made to the Public Service Commission, not the Legislative Auditor. The records requested are in the custody or control of both the Public Service Commission and the Legislative Auditor. The exemption for the Legislative Auditor under La.R.S. 24:513 (F) and La.R.S. 44.4(6) would not generally exempt the Public Service Commission from the requirements of the public records doctrine under Title 44.
However, since the "auditee" is given a draft of the Legislative Auditor's report prior to its finalization and also given an opportunity to provide responses prior to its issuance, subjecting such information to a public records request would, in practice, defeat the clear language of the exemptions.
It is therefore the opinion of this office that the Public Service Commission should comply with the public records request in this case with the exception of providing a copy of the draft report and their responses thereto until three days after the issuance of the report. Should you have any further questions, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES H. BRAUD JR. Assistant Attorney General
CCF, Jr./CHB; mjb